ON PETITION FOR REHEARING
PER CURIAM.
In our opinion which is the subject of the petition for rehearing we said, “We do not find that there was a holding by the chancellor on any question of constitutionality.” In the petition for rehearing, our attention is called to a portion of a statement made by the chancellor during the course of the trial proceedings in response to a question by Mr. Luckie, counsel for appellants. The part of the chancellor’s statement contained in the petition for rehearing sets out that “Under the rule that a statute will not be declared unconstitutional where conflict can be resolved by interpretation, I will rule that the statute is constitutional and that it is not unconstitutional by virtue of the alleged deprivation of individual rights. I feel very strongly that this matter should receive a ruling which will result in a guidepost for these two different types of utility companies, and for utility companies of every type, that they can interpret and understand clearly so that they can be guided in courses that are not wastefully duplicitous. We need to determine for once and all the basic purposes of the different types of utility companies.” However, the chancellor’s statement immediately continues “We are not here in Pasco County or any locality permitted to decide that freely. We have the Federal theory; we have the theory of the law of this State, and now we have an expression from the Supreme Court, and I feel that my rulings are limited by that rule.” The final decrees from which the appeals were taken express no constitutional ruling. In our opinion, we delineated the four appeal points relied upon; and we also said that the appeals were originally taken to the Supreme Court, where it was determined that jurisdiction was here, with the resultant transfer of the appeals to this court.
We withdraw the quoted sentence from our opinion and find no reason to change it otherwise. Accordingly, the opinion is adhered to except as to the deletion mentioned, and the petition for rehearing is denied in all other respects.
Affirmed.
SHANNON, C. J., and KANNER and SMITH, JJ., concur.